UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACK C. PELPHREY, JR.,

        Plaintiff,   Case No. 3:14-cv-303

vs.

COMMISSIONER OF   District Judge Walter H. Rice
SOCAL SECURITY,   Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[2] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

### A. Procedural History

Plaintiff filed for SSI on October 11, 2011.[3]  PageID 219-24.  Plaintiff suffers from a number of impairments including, among others, colorectal problems.  PageID 47.

After initial denials of his application, Plaintiff received a hearing before ALJ Scott R. Canfield.  PageID 62-125.  The ALJ issued a written decision on May 17, 2013 finding Plaintiff not disabled.  PageID 44-56.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since April 30, 2004, the alleged onset date (20 CFR 416.971 *et seq.*);

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine and a history of anal fissures (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b),[4] subject to the following limitations: lifting and carrying up to 20 pounds occasionally

---

[3] Plaintiff also filed for Disability Insurance Benefits ("DIB") on the same date, PageID 225-28, but this claim was dismissed after he voluntarily amended his alleged disability onset date.  PageID 44.  Plaintiff does not object to the dismissal of his DIB claim, s*ee* doc. 10, and such dismissal is no bar to Plaintiff's prosecution of his SSI benefits appeal.

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b).  An individual who can perform light work is presumed also able to perform sedentary work. *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

        and 10 pounds frequently; sitting and standing/walking six hours each during an eight-hour workday; no climbing ladders, ramps, or scaffolds; no more than occasional stooping, crouching, crawling, or reaching overhead with the right upper extremity; and no more than frequent handling with the right upper extremity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7. The claimant was born [in] 1965 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that he can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 21, 2011 through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(f)).

PageID 46-55.

        Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-35. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B.     Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 47-54. Plaintiff, in his Statement of Errors, also summarizes the evidence. Doc. 10 at PageID 765-68. The Commissioner's response to Plaintiff's Statement of Errors offers no objections to Plaintiff's summary of relevant facts. Doc. 11 at PageID 776. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.       Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.       Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ's RFC determination does not adequately address all of the limitations arising from his colorectal impairments.  Doc. 10 at PageID 769.  A person's RFC is the most that individual can do despite all physical and mental limitations.  20 C.F.R. § 416.945(a)(1).  An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons."  20 C.F.R. § 416.945(a)(3).

Here, at Step Two, the ALJ found that Plaintiff's history of anal fissures[5] constituted a "severe" impairment. As noted, the ALJ subsequently found, at Step Four, that Plaintiff retained the RFC to perform light work, subject to the following limitations:

> lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; sitting and standing/walking six hours each during an eight-hour workday; no climbing ladders, ramps, or scaffolds; no more than occasional stooping, crouching, crawling, or reaching overhead with the right upper extremity; and no more than frequent handling with the right upper extremity.

PageID 46. The ALJ stated that the "restrictions against more than occasional stooping, crouching, and crawling adequately accounts for any functional restrictions related to [Plaintiff's colorectal] impairment." PageID 52. The ALJ noted that:

> [the] colonoscopy performed on October 12, 2012[] revealed no evidence of any anal fissure. The claimant has a colon polyp that is hyperplastic, but [the] pathology report did not indicate malignancy. However, the first evidence of that problem is the October 10, 2012[] colonoscopy and it is scheduled for surgical removal. As a result, this condition likely will last only a short time. Further, there is no objective evidence of rectal tears or other severe abnormality that would account for the claimant's allegations. Physical examinations have revealed, at most, a rectal abscess and, as mentioned, recent colonoscopy revealed no evidence of rectal fissure. Further, the only evidence of the claimant's reported frequent and ongoing diarrhea is his subjective reports that he experiences this problem 6-8 times daily, followed by the need for a soaking bath. No medical source has witnessed this problem, or documented any medically determinable impairment that would cause such severe diarrhea. Finally, the claimant's allegations of severe and frequent diarrhea are contradicted by the lack of evidence documenting any weight loss, dehydration, or other sequelae of severe and frequent diarrhea.

PageID 52 (internal citations omitted). Plaintiff argues that, in determining his RFC, the ALJ did not reasonably account for the limitations associated with his severe bowel problems. Doc. 10 at PageID 770-73. The undersigned finds merit to Plaintiff's assignment of error.

---

[5] An anal fissure is a "small tear in the thin, moist tissue . . . that lines the anus. Anal fissures typically cause pain and bleeding with bowel movements." Mayo Clinic, *Anal Fissure*, MayoClinic.com, http://www.mayoclinic.org/diseases-conditions/anal-fissure/basics/definition/CON-20024998 (last visited Sept. 2, 2015).

With regard to the ALJ's conclusion that "there is no objective evidence . . . that would account for [Plaintiff's] allegations" regarding colorectal pain, burning, swelling, and related issues, including diarrhea, the Court notes that, in 2011, Plaintiff was observed, on separate occasions, to have a perirectal abscess and an anal fissure. PageID 342, 371. Subsequently, in 2012, Plaintiff had a colonoscopy which revealed polyps,[6] moderate left-side diverticulosis,[7] and internal hemorrhoids -- findings which resulted in a recommendation that Plaintiff undergo surgery to resection his colon. PageID 658-59, 702. Absent further explanation by the ALJ, it unclear to the undersigned why Plaintiff's rectal abscess, anal fissure, hemorrhoids, polyp, and diverticulosis fail to support his alleged symptoms.

To the extent that the ALJ relied on Plaintiff's "anticipated surgical intervention" to conclude that his "condition likely will last only a short time[,]" PageID 47, 52, the undersigned finds such reliance misguided. A review of the record reveals that Plaintiff's surgical procedure was cancelled pending clearance by his cardiologist, PageID 693; and that, as of December 2012, Plaintiff was not cleared due to his "multiple medical problems and cardiac risk factors[.]" PageID 735-36. Accordingly, the undersigned finds the ALJ's prediction regarding the duration of Plaintiff's colon-related impairment -- and the effect such conclusion had on the RFC determination -- unsupported by substantial evidence.

The ALJ also failed to provide any rationale as to why limiting Plaintiff to occasional stooping, crouching, and crawling would adequately accommodate his demonstrated colorectal

---

[6] A colon polyp is a small clump of cells that forms on the lining of the colon. While most are harmless, some colon polyps can develop into colon cancer. Mayo clinic, *Colon polyps*, MayoClinic.com, http://www.mayoclinic.org/diseases-conditions/colonpolyps/basics/definition/con2003195 (last visited Oct. 8, 2015).

[7] Diverticulosis occurs when small, bulging pouches develop in the digestive tract. Mayo Clinic, *Diverticulosis and diverticulitis*, MayoClinic.com, http://www.mayoclinic.org/diseases-conditions/Diverticulitis/multimedia/diverticulosis-and-diverticulitis/img-20006098 (last visited Oct. 8, 2015).

impairments and associated symptoms and limitations. *See* PageID 52. To the contrary, Plaintiff testified that he alternates continuously, *i.e.,* regardless of his postural activities, between bouts of constipation and painful diarrhea, and frequently experiences anal infections. PageID 76-77, 79. During his diarrheic periods, Plaintiff stated that he has six to eight bowel movements a day, after which he soaks in a bath to avoid infection, and requires ready access to a bathroom to avoid accidents. PageID 76-78. The VE testified that a worker who requires five to six five-minute bathroom breaks per day, or one sixty-minute break per week to go home and bathe, would not be able to perform the jobs the VE identified in response to the ALJ's hypothetical. PageID 116, 120-21.

To the extent that the ALJ found Plaintiff's testimony not fully credible in regard to his colorectal impairments -- particularly his severe diarrhea, PageID 52 -- the undersigned notes the consistency of Plaintiff's self-reports, both to the SSA and his treatment providers. *See* PageID 283, 293-94, 341-42, 368, 373, 627-28, 630, 698, 704, 715, 726; *see also Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 248 (6th Cir. 2007) (stating that "[c]onsistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect"). Further, while the ALJ found Plaintiff's allegations contradicted by the lack of "sequelae of severe and frequent diarrhea[,]" such as weight loss, the record reflects that his weight fluctuated during the relevant time period. *See* PageID 341, 344, 345, 348, 370, 598, 701, 712, 715, 719, 723, 727, 738. Nevertheless, even if the ALJ found Plaintiff not fully credible, the ALJ should have made a specific finding regarding whether his conditions would cause unscheduled breaks during the workday, in light of the VE's testimony regarding the effect frequent bathroom breaks, and the need to stop work to bathe, would have on the available jobs

identified by the VE. PageID 116, 120-21; *see Hubbard v. Comm'r*, No. 11-11140, 2012 WL 883612, at *7 (E.D. Mich. Feb. 27, 2012).

Based on the foregoing, the Court finds the ALJ's RFC determination -- that did not include any limitation that reasonably accounted for Plaintiff's demonstrated colorectal impairments and diarrhea -- inaccurate and unsupported by substantial evidence. Accordingly, the undersigned recommends that Plaintiff's assignment of error be sustained, and the ALJ's non-disability finding be reversed.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, proof of disability is strong and opposing evidence is lacking in substance. As set forth above, Plaintiff's colorectal impairments are well-documented in the record. The VE testified that a worker who requires frequent bathroom breaks, and periodic baths to avoid infection, would not be able to perform the jobs the ALJ relied upon in finding Plaintiff not disabled. PageID 116, 120-21. The only medical source opinions supportive of a

non-disability finding are those of state agency consultants who did not review critical evidence, including the results of Plaintiff's 2012 colonoscopy and subsequent recommendation that he undergo surgery to resection his colon.  PageID 134, 157, 658-59, 702.  Thus, here, proof of disability is strong -- based on Plaintiff's demonstrated colorectal impairments (including severe diarrhea) and the testimony of the VE -- and opposing evidence is lacking in substance.  Accordingly, this case must be remanded for an immediate award of benefits.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and

3. This case be **CLOSED**.


Date:  November 18, 2015                     *s/ Michael J. Newman*
                                              Michael J. Newman
                                              United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).